BROWN, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD, and ELLIS, JJ., concur.

---

CHAS. H. BROWN et al., Plaintiffs in Error, v. GEORGE BOOTH, Defendant in Error.

## On Rehearing.

Where suit is brought in the county where the cause of action accrued, and service is made on the defendant in the county where he resides and not in the county where the action is brought, the defendant may plead his privilege to be sued in the county of his residence.

Rehearing denied.

H. S. Hampton and F. J. Hampton, for Plaintiffs in Error.

Thomas Palmer and Dickenson & Dickenson, for Defendant in Error.

PER CURIAM.—A rehearing is asked on the grounds that as the promissory note on which the action is

brought appears from its date line to have been made at Tampa in Hillsborough County, the plea that was sustained on demurrer permits the terms of the written instrument to be varied by parol; and that the cause of action accrued in Hillsborough County the place of payment of the note where the alleged breach occurred.

The first ground need not be considered, since as the service on the defendant was made in Pinellas County, where he resides, and not in Hillsborough County, where the note was made payable, the defendant could claim his privilege to be sued in the county of his residence where he was served. See Russ v. Mitchell, 11 Fla. 80.

Though under section 1397 General Statutes of 1906, the writ may "run throughout the State," the defendant may plead his privilege of being sued in the county of his residence in the State unless the action is brought in a county where the cause of action accrued and proper service is made on him in that county.

Rehearing denied.

All Concur.